3bm352
1129   555

Case 93.

*April 26.*

The case stated.

The presentment is good—*See the next preceding case.*

# Haskill *vs* Commonwealth.

ERROR TO THE LOUISVILLE CITY COURT.

*Retailing Spirits, &c.    Evidence.    Onus probandi.*

JUDGE BRECK delivered the opinion of the Court.

THIS is a presentment, against plaintiff in error, for selling by retail, in the City of Louisville, spirituous liquors, without license of the Council of the City.

Two questions are presented: 1st. As to the sufficiency of the presentment—2d. Whether the virdict and judgment are sustained by the testimony.

The first question depends upon the construction of an act passed February, 1839, entitled "An Act to amend the 14th Section of an Act entitled an Act to amend the Charter of the City of Louisville."

A construction is given to that Act, and the question arising under it in this case, settled at the present term of this Court, in the case of *Redding* vs *Commonwealth.*

The decision sustains this presentment.

The second question turns exclusively upon the point whether it was requisite, to entitle the Commonwealth to a virdict, that proof should have been adduced by her that Haskill *had no license from the Council of the City of Louisville.*

The general law prohibits retailing ardent spirits, without having obtained a license to keep a tavern, and in proceedings under it, proof of the negative, that the person charged with the offence had no license to keep a tavern, has not been deemed requisite. Such a principle or practice has not, that we are aware of, in any case, been recognized by this Court. The law denounces a penalty against all persons who may retail spirituous liquors, excepting only such as may obtain the requisite license.

The presentment or indictment presents, at once, the issue as to the license, and if the person charged is not without it, he is immediately relieved by its production. Thus to show himself within the exception, by the production of the requisite evidence of the fact in his possession, subjects him to no hardship, and as we think, most appropriately devolves upon him.

On the trial of a presentment for retailing spirits, &c, without license, the Commonwealth is not bound to prove the negative of *no license*—def't must show it.

County Courts have alone the power, under the general law of the State, to grant license to keep a tavern.

The Clerks of all County Courts are required by law to furnish the Circuit Court Clerks with a list of those persons to whom tavern license may have been granted. Such list is to be furnished immediately preceding each term of the Circuit Court, and is laid before the Grand Jury. In this way the Grand Jury is put in possession of the names of all the licensed tavern keepers in the County, and hence an additional reason is furnished, why the person presented, to render a license available, must produce it, and upon his failure, should be presumed and regarded as being without it.

Such we apprehend has been the invariable practice in all the judicial tribunals in the State, upon which the execution of the laws prohibiting the retailing of ardent spirits has devolved. No good reason is perceived why this rule or practice should be changed in reference to the law, under which this proceeding is had.

On proof being
made that spirits
have been retail-
ed by defendant,
he must show li-
cense for such
retailing.

The defendant appeared and plead not guilty—the charge in the presentment, as to the selling spirituous liquors by retail, is proved, and in the absence of all testimony to the contrary, the presumption was, and ought to be, that he had done it without the required license.

The case relied upon by the counsel for the plaintiff in error, of *Brown* vs *Young*, (2 *B. Monroe*, 26,) has very little bearing upon the questions arising in this case. There the question as to the license of the pedlar, came up collaterally. In this case it is presented directly, and the defendant apprized of the fact in the presentment, the inception and foundation of the proceeding.

Judgment affirmed.

*Fry and Pope* for plaintiff: *Cates, Atto. Gen.* for Commonwealth.