Conyers vs. The State of Georgia.

---

JAMES B. CONYERS, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

On the trial of a keeper of a billiard table, charged with permitting a minor to play billiards at his table, without the consent of the parent or guardian of the minor, the burden of proving that the parent or guardian did not consent, is upon the State.

Criminal law. Evidence. Before Judge HARVEY. Bartow Superior Court. March Term, 1873.

Conyers was placed on trial, charged with the offense of allowing a minor to play billiards on a table controlled by him, without the consent of his parent or guardian. He pleaded not guilty, but the jury found to the contrary. Whereupon he moved for a new trial, because the Court refused to charge the jury, "that the State must show, in addition to the act of playing by the minor, that the defendant did not have the consent of the parent or guardian." The motion was overruled and defendant excepted.

WOFFORD & MILNER, for plaintiff in error, submitted the following brief:

We say the Court below committed error in the trial of this cause, by refusing to give the charge as requested by defendant's counsel: Bishop on Criminal Procedure, section 496; Bishop's Statutory Crimes, section 1051; Greenleaf on Evidence, volume 1, sections 78 and 79. We say that this case comes within the exceptions to the general rule that the burden of proof is on the party holding the affirmative; here the negative averment is necessary to make the pleading good, and the *onus probandi* is on the party who makes the averment: Harvey *vs.* Towns, 4 Eng. Law and Equity R., 531; 6 Exchequer, 656; Code, section 3758; 5 Ga., 86; 7 *Ib.*, 484; 11 *Ib.*, 338; 27 *Ib.*, 593; 11 *Ib.*, 607; 29 *Ib.*, 64; May *vs.* State, 4 Alabama, 167; State *vs.* Woodly, 2 Jones (N. C.,) 276; State *vs.* Evans, 5 N. C., 250; 2 Pickering, 103; Cheadle *vs.* State, 4 Ohio State Reports, 477; 2 Pickering, 139; Bowler *vs.* State, 41 Mississippi, 570; 9 Metcalf, 268; 24 Pickering, 374; Commonwealth *vs.* James McRie, and the notes; 1st volume Bennett's Cases, 295; 17 Ga., 290.

A. T. HACKETT, Solicitor General, by JACKSON & CLARKE, for the State.

McCAY, Judge.

Whilst it is certainly true, as a general rule, that the burden of proof is upon the party who holds the affirmative of a proposition, yet there are many instances in which a contrary rule obtains. Our Code, 1873, section 3758, declares that "if a negation or negative affirmation is essential to a party's case, the proof of such negative lies upon the party affirming it." The test is, does the negative form an essential ingredient in the thing sought to be established? Does the mind fail to agree to the proposition insisted on, so long as the negation remains unproven? If so, the proposition is not made out and the party asserting the negation must prove it.

Conyers *vs.* The State of Georgia.

In criminal cases, the law requires that the State shall prove all the essential facts entering into the description of a crime, and, except in a very few special cases, the defendant cannot be put upon his defense, until the State has shown affirma tively every such fact. In *Elkins vs. The State*, 13 *Georgia*, 435, this Court lays down the rule very broadly and asserts that whatever is made by the statute an essential part of the offense must be set out in the indictment and proven by the State. The want of consent by the parent or guardian is the very gist of this crime. It is not unlawful for men to play billiards. It is not unlawful even for minors to play, if their parents or guardians consent. The want of the consent is the very essence of the offense. There is a class of negations which it is almost impossible to prove affirmatively. Where the field to be covered by the evidence is so broad as that the burden would be intolerable upon the public, to afford the time necessary for hearing the proof, as where it is only possible to prove that one was not present, by examining a large number of persons who did not see him, or where the proof that one did not do a thing can only be established by proof following him from movement to movement, through a considerable time. But there are negations that are just as easily proven as an affirmative, as where the negation depends upon a moment of time and a particular place, or is within the knowledge of a single person. In the former class, even the general rule that the prosecutor in criminal cases must prove all the ingredients of the crime, has, in some cases, been relaxed. As in prosecutions under the English game laws, where one may kill game if he has one of a large number of qualifications, it has been held that it was not necessary for the Crown to go to the expense and the public to suffer the inconvenience of proving the absence of each of the required qualifications, especially (and this is perhaps the true point on which the exception turns) if the facts lie peculiarly in the defendant's knowledge. This was the holding of the Court in The King *vs.* Turner, 5 Maule & Selwyn, 206, and seems to have been followed in 1 Ryan & Moody, 159; 1 Carrington & Payne, 508, and

by several other English and many American cases, though it is certainly true that the old cases, even on the game laws are different: 2 Lord Raymond, 1415; 1 Strange, 497; 2 Comyns, 525; 1 T. R. 125; 1 East, 643; 1 *Ibid.*, 639, and the Courts have not always kept in mind the distinction between cases when the negative is part of the description of the offense, and when it is by a provision or a subsequent section or by a subsequent Act: 3 Devereaux, 299; 3 B. Mon., 342; 34 Maine, 293; 12 Barbour, 26; New Hampshire, 8. Our own Court has made the exception in the case of an indictment for retailing spirituous liquors without license. In the case of *Sharp vs. The State,* 17 *Georgia Reports,* 290, this Court held that if the selling of spirituous liquors was proven the *onus* was shifted to the defendant, and that it was not necessary for the State to prove the want of license. This is a strong case, for the want of the license is a part of the description of the offense. We are free to say that we do not think the reasoning of the Court in that case very sound, since it is said there that by his plea of " not guilty " the defendant admits the selling, and asserts that he has license—a line of reasoning which is, as it seems to us, untrue, since the plea of not guilty denies the whole charge. But the case may be sustained on another ground, and by authority. The license is a written authority to the dealer to sell, and the presumption is that he has it in his possession. It is peculiarly within his knowledge. The negative *cannot* be shown conclusively by the State. It could only be proven that no such license was recorded; but the defendant might have the license and be not guilty, though the license was not recorded. All the proof in the *power* of the State would be inconclusive, to-wit, that no such license was recorded. The license is in writing, and cannot be proven by parol, and it is in the defendant's possession, if it exists, and on this ground there are many cases making this special crime an exception to the general rule. See the cases, both English and American, above referred to in 1st Bennett's Criminal Cases, and Notes, 306, 319; though there are many cases of high authority to

the contrary: 24 Pickering, 380, and the cases there cited. But undoubtedly the general rule is, that in criminal cases the burden of showing all the facts necessary to make out the defendant's guilt is upon the State.

In rape, the proof must show that the act was against the will of the female. In robbery, that the taking was against the consent of the person robbed; in larceny from the person, that the taking was without the knowledge of the possessor in the case; of opprobrious words, that they were *unprovoked*, and in the various acts of trespass against property, as cutting wood, etc., on another's land, that they were without the owner's consent. The books are full of illustrations of the position we have asserted, to-wit, that if, in order to make the defendant guilty, it be necessary to show a negative, the burden of showing it is upon the State: Harvey *vs.* Towars, 4 Eng. L. & E. R., 531; May *vs.* The State, 4 Alabama, as when the defendant was indicted for keeping a greyhound, not being a person qualified: 1 Strange, 66. In the same volume is a case for profane swearing, under the Act of 6 and 7 Will. 3d. The Act put a penalty of one shilling on a servant, and two shillings on every other person. The conviction was quashed because it was not proven that the defendant was not a servant. So in Rex *vs.* Allen, 1 Moody, C. C., 154, and Rex *vs.* Rodgers, 2 Camp, 634, in an indictment for killing deer on the ground of another without his consent, it was held that the prosecution must prove the want of consent. See, also, 2 Greenleaf, 228; 2 Car. & Payne, 45; 2 Jones, (N. C.,) 276, where the doctrine is discussed. See, also, 10 East, 211, where it was held that the burden was on the Crown to show that the defendant had not taken the sacrament. In 5 Richardson, 57, that a practicing physician had no license; that one was not qualified to vote: 9 Metcalf, 286.

The case at bar, we think, comes within the general rule. The consent of the parent is not required by the statute to be in writing, and does not, therefore, as in the case of license to sell, lie peculiarly within the knowledge of the defendant. That the consent was not given is as well known to the pa-

rent or guardian as it is to the defendant. We are, for these reasons, of the opinion that the conviction was wrong, under the proof. There was no evidence of the want of consent, and this was a material ingredient in the offense charged.

Jndgment reversed.