91  468
65a 360

## William Noecker

### *v.*

### The People of the State of Illinois.

1. **Criminal law**—*selling intoxicating liquor.* Proof that the defendant sold intoxicating liquors in less quantities than one gallon is *prima facie* sufficient to warrant a conviction under the statute. If the defendant has a license to keep a dram-shop or a permit from the city or village authorities as a druggist to sell liquors for medicinal, mechanical, sacramental and chemical purposes, he must show it.

2. **Same**—*sale of liquor by physician.* A prescription for intoxicating liquor by a physician, will not authorize the sale of such liquor by one not having a license or permit to sell, where there is no proof the persons obtaining the same were sick at all or needed medicine of any kind. In such case the prescription may be a mere device to avoid the statutory prohibition against the sale of intoxicating liquor.

Writ of Error to the Circuit Court of Piatt county; the Hon. C. B. Smith, Judge, presiding.

The proof in this case shows that the defendant sold whisky and other liquors to various parties upon the prescriptions of physicians, the defendant or clerk retaining the prescriptions,

and that he also sold the same for culinary purposes to one Frank Ater three times, the liquor being used for that purpose. James Glass testified he bought intoxicating liquor of the defendant twice for medical use. "He was my family physician and prescribed it for me."

The defendant testified that he never sold any liquor, except on the prescription of a physician, to the witnesses, and for purely medical use, and that his instructions to his clerk were to sell to no one except on a physician's prescription and for medical use.

Messrs. REED & BARRINGER, for the plaintiff in error.

Mr. JAS. K. EDSALL, Attorney General, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Plaintiff in error was indicted for selling intoxicating liquors in a less quantity than one gallon, and on the trial was found guilty and sentenced to pay six several fines, amounting in the aggregate to $120.

The second section of the "Dram-shop" act makes it unlawful for any person not having a license to keep a dram-shop, to sell intoxicating liquors for any purpose, in a less quantity than one gallon, or in any quantity to be drank on the premises or in or upon any place adjacent thereto. It is not claimed that defendant had any license to keep a "dram-shop," or any permit from the authorities of any village or city, as a druggist, to sell liquors for "medicinal, mechanical, sacramental and chemical purposes." On proof being made, as was done, that defendant had sold intoxicating liquors in less quantities than one gallon, *prima facie* the conviction was warranted by the law and the evidence.

Whether a druggist, not having a permit to do so, may lawfully sell intoxicating liquors on a physician's prescription, if the same were done in good faith, and the person for whose use the prescription was made was, in fact, sick, is a question that can not arise on this record, as there is not a particle of testi-

mony that shows or tends to show that defendant, at the time he sold the liquors, or ever, was a druggist. The only testimony that indicates, in the remotest degree, the occupation of defendant is, that one of the witnesses says he was his "family physician," and, as such, prescribed for him. So far as this record discloses, the prescriptions introduced in evidence may have been a mere device to avoid the statute prohibiting the sale of intoxicating liquors. It does not appear that any of the witnesses who obtained the prescription were at all sick or needed medicine of any kind.

The testimony so fully sustains the verdict that we need not remark upon the instructions, except to say that under the evidence they were far more liberal to the defence than defendant had any right to ask.

The judgment must be affirmed.

*Judgment affirmed.*