WHITELAW FURNITURE CO. *v.* BOON.

*(Jackson.* May 27, 1899.)

EVIDENCE. *Burden of proof.*

The burden is upon the seller, who, having under a condition of
the contract of sale, reclaimed the property on account of the
buyer's failure to pay the full price, is afterwards sued by the
latter for that part of the purchase money paid before reclama-
tion, to prove, in order to protect himself, strict compliance
with the provisions of Acts 1889, Ch. 81, with reference to the
advertisement and resale of the property.

Act construed: Acts 1889, Ch. 81.

Code construed: § 3669 (S.).

Cases cited: 32 Ala., 557; 35 Ark., 430; 50 Ga., 103; 53 Iowa, 84.

FROM MADISON.

Appeal in error from Circuit Court of Madison
County. LEVI S. WOODS, Judge.

W. G. TIMBERLAKE for Whitelaw Furniture Co.

HUNTER WILSON for Boon.

BEARD, J. The Circuit Judge in this case
charged the jury that where a vendor in a condi-
tional sale has reclaimed property from his vendee,
because of the failure of the latter to pay the full
purchase money as provided in the contract of such
sale, and is afterwards sued by the vendee for that
part of the purchase money paid before reclamation,

that the burden of proving a compliance with the requirements of Sec. 4, Ch. 81, of the Acts of 1889 (§ 3669 of Shannon's Code), was upon the defendant. Upon regaining possession of property so sold, the statutory duty of within ten days thereafter advertising the same for sale in the manner prescribed by the Act, is imperative, and a failure to discharge this duty in any important particular makes the vendor so reclaiming liable to the original purchaser for the part of the consideration theretofore paid. Whether he has complied with the provisions of the statute in making this sale is peculiarly within the knowledge of the original vendor. He knows better than any one when and where he posted the notices announcing the sale, and whether it occurred at the time and place designated in the notices, and in placing this burden on him the Court only applies the rule uniformly adopted in cases where defendants are prosecuted for selling liquor without license. In such cases, that the defendant has a license is a fact lying particularly within his own knowledge, and as proof of it can easily be made by him, the duty of furnishing it is imposed upon him, rather than proof of the negative upon the prosecutor. *Farrell* v. *State*, 32 Ala., 557; *Williams* v. *State*, 35 Ark., 430; *Conyers* v. *State*, 50 Ga., 103; *Nocker* v. *Peoples*, 91 Ill., 468; *State* v. *Miller*, 53 Iowa, 84.

There was no error in the action of the trial Judge and his judgment is affirmed.