KENNER WARD *v.* PERCY SHARPE.

(*Nashville.    December* Term, 1917.)

1. **INFANTS. Contracts. Validity. Want of consideration.**
As a minor is prejudiced by sale without advertisement of furniture bought on the installment plan, under Acts 1911, chapter 8, section 1, his agreement, waiving advertisement, is void; there being no consideration for such a waiver except the cost of advertisement.   (*Post, pp.* 348-350.)

Acts cited and construed: Acts 1911, ch. 8, sec. 1; Acts 1889, ch. 81.

Cases cited and approved: Wheaton v. East, 13 Tenn., 41; Swafford v. Ferguson, 71 Tenn., 292; Chambers v. Railroad, 130, Tenn., 459; Scobey v. Waters, 78 Tenn., 551; Langford v. Frey, 27 Tenn., 443; Robinson v. Coulter, 90 Tenn., 705.

2. **SALES. Conditional sales. Default. Advertisement. Waiver.**
While a seller and purchaser in a conditional sale can waive advertisement and sale on default, as provided in Acts 1889, chapter 81, yet advertisement cannot be waived unless the sale is also waived, because the purpose of allowing the waiver is to permit a final settlement of the account by agreement.   (*Post, pp.* 350-353.)

Cases cited and approved: Whitelaw Furniture Co. v. Boon, 102 Tenn., 720; Lieberman v. Puckett, 94 Tenn., 274; Massillon Engine & Thresher Co. v. Wilkes, 82 S. W., 316; Ice & Coal Co. v. Alley, 127 Tenn., 178; Case v. Watson, 122 Tenn., 148.

---

FROM DAVIDSON

---

Appeal from the Circuit Court of Davidson County.—A. G. RUTHERFORD, Judge.

WM. HOWARD EWING, JR., and THOS. G. WATKINS, for appellant.

R. B. C. HOWELL, for appellee.

MR. CHIEF JUSTICE NEIL delivered the opinion of the court.

Plaintiff, who was a minor, about twenty years of age and married, purchased of the defendant certain furniture with which to begin housekeeping, the title being retained by the vendor to secure the purchase money. The price agreed to be paid was about $106.20 on the installment plan, at so much per week. After paying $45 plaintiff defaulted in one or more of the weekly payments. Thereupon the defendant reclaimed the furniture with the plaintiff's consent, and sold it without making advertisement of the sale, as required by law in such cases. However, the plaintiff signed a written waiver of advertisement. This suit was brought for the recovery of the $45 which had been paid on the furniture.

The trial judge held that the waiver was valid, and the plaintiff could recover nothing, and dismissed the suit. The court of civil appeals affirmed this judgment.

We think both courts were in error. The plaintiff was a minor at the time he made the waiver, which, being an act necessarily to his prejudice, was wholly void. The rule has been laid down in this State that when the court can pronounce a contract

of an infant to be to his prejudice it is void; and when to his benefit, as for necessaries, it is good; and when the contract is of an uncertain nature as to benefit or prejudice, it is voidable only at the election of the infant. *Wheaton* v. *East,* 5 Yerg. (13 Tenn.), 41, 26 Am. Dec., 251; *Swafford* v. *Ferguson,* 3 Lea (71 Tenn.), 292, 294, 31 Am. Rep., 639; *Chambers* v. *Railroad,* 130 Tenn., 459, 461, 171 S. W., 84. It was to the prejudice of the plaintiff because it was without consideration. *Scobey* v. *Waters,* 10 Lea (78 Tenn.), 551, 557, and see *Langford* v. *Frey,* 8 Humph. (27 Tenn.), 443, 446. It is urged that the expense of advertising the sale was saved. This expense, if any, could have been only nominal, because it is provided by Acts 1911, chapter 8, section 1, that the sale may be made either by written or printed posters, posted at as many as three public places in the county where the property is to be sold, one of said places to be in the district in which the property is to be sold and one at the courthouse door and the other at any public place in the county. Manifestly, the expense, if any, would have been trifling. The rule is that where there is no consideration, or it is merely nominal, the contract is void. *Robinson* v. *Coulter,* 6 Pick. (90 Tenn.), 705, 18 S. W., 250, 25 Am. St. Rep., 708. It was assumed in the lower courts that because the plaintiff could buy the property, on the ground that the furniture was a necessity to his housekeeping, the same necessity would justify his surrendering the right which the law gave

him to have the property advertised for sale. The conclusion by no means follows. It is to the infant's benefit to buy necessaries; it is to his prejudice to surrender a right without adequate compensation. That the right was a valuable one is apparent when we consider that the law provides that when the seller, under a conditional sale of personalty, takes back the property he is under the duty of advertising within ten days and selling at public auction, and of paying to the original vendee any excess that such sale may realize over the debt. Clearly there is more probability of realizing such excess when a sale is properly advertised than there is when it is made without any advertisement at all. The act that governs the case (Chapter 81, Acts of 1889), permits the vendor to be a purchaser at the sale. It is more than probable that when he sells without advertising he will become the purchaser and thus sacrifice the rights of the original vendee.

There is another reason equally as satisfactory. The act of 1889 referred to was based on the policy of protecting persons who buy property under conditional sales, such persons being usually impecunious. It was the intention of the legislature to protect these people from oppression on the part of vendors. For this reason the provisions for advertisement and sale above mentioned were made, with the further provision that in case there should be a surplus it should be paid to the original purchaser.

In order to more carefully protect the rights of such poor persons it was provided that the original purchaser might recover the balance by motion before any justice of the peace, or any court having jurisdiction of the amount, after giving five days' written notice. Another provision for the same purpose was made that, in case the original seller or vendor, after having taken possession, should fail to advertise and sell, as required by the act, the original purchaser should have the right to recover from the seller that part of the consideration which he had previously paid for the property. In other words, in case the original seller or vendor fails to make advertisement and sale, the original vendee is entitled to treat the contract as rescinded, and sue for the purchase money he has previously paid. The court has always treated the requirements as to advertisement and sale with the greatest strictness. *Whitelaw Furniture Co.* v. *Boon,* 102 Tenn., 720, 52 S. W., 155; *Lieberman* v. *Puckett,* 94 Tenn., 274, 29 S. W., 6; *Massillon Engine & Thresher Co.* v. *Wilkes,* 82 S. W., 316; *Ice & Coal Co.* v. *Alley,* 127 Tenn., 178, 179, 154 S. W., 536; *Case* v. *Watson,* 122 Tenn., 148, 122 S. W., 86, 974. It is true that the act provides that the original seller and purchaser "may at any time by agreement waive the sale provided in this act." The act does not permit the waiving of the advertisment alone. It does not permit the waiving of the sale preliminary to default made. In other words, it does not permit such a provision to be contained in the con-

tract of sale. *Massillon Engine & Thresher Co.* v.
*Wilkes,* supra. The reason why the advertisement
and sale may be together waived and not the adver-
tisement alone is this: When the sale is waived by
agreement between the parties this necessarily means
that the vendor takes the property back on some
terms agreeable to the vendee; that is, there either
must be a rescission in this form or some kind of ac-
cord and satisfaction. In case the advertisement
alone is waived, this means that the original vendor
may put the property up at sale, and in case it fails
to bring the balance due he can hold what is left
unpaid as a debt against the original purchaser, the
act providing that, should the property at the sale
fail to realize a sufficient sum to satisfy the claim
of the seller, the balance still remaining due on the
claim "shall be and continue a valid and legal indebt-
edness as against said purchaser." Permitting the
waiver of the advertisement and a sale without ad-
vertisement would destroy the beneficent purpose of
the act to protect the poor persons who usually buy
property under these conditional sales. We do
not mean to say, of course, that all persons who
buy property in this form are poor persons, but as
a rule those who do so buy are poor and unable
to give other form of security. It was the inten-
tion of the act to protect these people, and the court
has steadily upheld and given effect to that intention
at all times.

The result is that the judgment of the court of civil appeals must be reversed, and judgment entered here for the $45, with interest from the date of the attempted resale. The defendant will pay all of the costs of the cause.