## W. H. KIRBY v. C. L. THURMAN.

Eastern Section. December 3, 1927.

Petition for Certiorari denied by Supreme Court, March 31, 1928.

H. D. Bailey, of Sevierville, for plaintiff in error.
A. M. Paine, of Sevierville, for defendant in error.

SNODGRASS, J. The plaintiff sued the defendant before a Justice of the Peace for $200, alleged as the amount that had been paid by him to defendant on an automobile, before the same had been taken into the possession of defendant under the Conditional Sales Act, and that the said automobile had not been disposed of in accordance with the provisions of said Act specifying the duties of defendant on repossessing himself of such automobile.

The justice dismissed the case. On appeal the same was heard before the circuit court without the intervention of a jury, which court also dismissed the case, taxing the plaintiff with the costs.

Motion was made for a new trial, which was overruled. The plaintiff has again appealed to this court, insisting that the judgment of the circuit court should be set aside and judgment rendered by this court in his favor for the amount sued for, with costs, for the reason, it is said:

"I. The court erred in rendering judgment in favor of the defendant and against the plaintiff for costs of the cause, because there was no evidence produced on the trial of the cause to support or sustain such a verdict or judgment."

It is insisted in two other assignments that the evidence preponderates in favor of the plaintiff and against the defendant, and that judgment should have been rendered against the defendant and in favor of the plaintiff for $200, the amount sued for, and the costs of the cause, and that because of such alleged preponderance the court erred in dismissing plaintiff's cause and in taxing him with the costs.

While this is not the court and the kind of case in which the preponderance of the evidence can be investigated as determinative of the issues, we think the first assignment may be construed as the equivalent of saying that, considering the evidence, there was

no justification for the dismissal of his cause, and the taxing of all the costs against him, and that under the evidence he was entitled to a judgment against the defendant for $200. Our investigation of the record leads us to conclude that he was so entitled to recover, though not in the sum claimed.

There was and is no doubt, under defendant in error's own testimony, that there had been paid on the automobile purchased of him by the plaintiff in error the sum of ——, consisting of $50 cash, and $50 as the value of an old buggy that had been put in at that price. Plaintiff in error insisted that he had also and subsequently paid $50 in corn and $50 in hogs on the automobile. The defendant disputed both the amount of these items and the manner of their application as credit. He testified that, while he did receive some corn and hogs, it did not amount to the sum claimed, but only to the sum of $——, and that in the meantime plaintiff in error owed him an account for gasoline and repairs to the automobile while in the possession of the plaintiff in error, in the sum of $62.50, and that he and the plaintiff in error had a settlement in which the corn and hay items were applied to the settlement of this account, which left a balance over in the sum of $37.50, which was credited on the note.

It would thus appear, without any dispute in the proof, that plaintiff in error, before possession of the automobile was taken by defendant in error for purposes of sale under the Act, had paid to defendant in error the sum of $137.50. From this time on the burden of proof shifted, and plaintiff in error without controversy was entitled to a judgment at least for this amount, unless defendant in error should establish that in making the sale he complied with the provisions of said Act, under the holding in the case of Whitelaw Furniture Co. v. Boon, 102 Tenn., 719, 52 S. W. 155. In that case the court said:

"Whether he has complied with the provisions of the statute in making this sale is peculiarly within the knowledge of the original vendor. He knows better than anyone when and where he posted the notices announcing the sale, and whether it occurred at the time and place designated in the notices, and in placing this burden on him the court only applies the rule uniformly adopted in cases where defendants are prosecuted for selling liquor without license. In such cases that the defendant has a license is a fact lying particularly within his own knowledge, and as proof of it can readily be made by him, the duty of furnishing it is imposed upon him, rather than proof of the negative on the prosecutor." Citing Farrell v. State, 32 Ala., 557; Williams v. State, 35 Ark., 430; Conyers

v. State, 50 Ga., 103; Nocker v. Peoples, 91 Ill., 468; State v. Miller, 53 Iowa, 84.

By reference to the Act, section 3666, Shannon's Code, it appears that there are a number of things essential to be shown as authority for making the sale. It must appear that the property was advertised within ten days after regaining possession of same for that purpose; that the advertisement must contain the terms of the sale, a description of the property, and the time and place of sale; that the advertisement must be by written or printed posters in at least three public places of the county where the property is to be sold; that one of these places is to be in the district in which said property is to be sold, one at the court house door in the county in which the property is to be sold, and the other or third at any public place in the county, and that these notices must be posted at least ten days before the date of sale. Though in dispute, it may be taken as established by the proof and disposition of the cause by the court that, whatever advertisement was made, was posted within the ten days after the property was taken into possession for that purpose; and that said advertisement, whatever it was, was posted for ten days before the sale. But no copy of the said advertisement was placed in the record, and it was left wholly to other testimony to establish the character of the advertisement that was made. Defendant in error testified:

"Q. What did you finally do about it? A. I kept writing him to come and see me about it. Finally I wrote him a letter and stated to him that if he was not going to do anything about it, I would be compelled to advertise the car and sell it.

"Q. When was that? A. In the fall of 1924.

"Q. What did you do? A. Inside of ten days I advertised the car for sale.

"Q. Where did you post them? A. One at the court house door, and one at my place, and the others at other places; five in all.

"Q. Put out five circulars? A. Yes sir.

"Q. What did you do? A. When the ten days were up I sold it according to the advertisement. The sale was advertised for ten days.

"Q. Where did you put the other advertisements? A. I put one at my place and one at the court house, I don't remember the others."

This proof falls short of establishing authority to sell the automobile under the Act. It may be conceded that an advertisement at the court house is a public place, but it does not appear that either one of the other places where the same was posted was at a public place. Indeed defendant in error says that one of them

was at his place, and it would rather be inferred that one's residence was a private place, if any presumption is or can be drawn from the statement at all. Nor does it appear that the property was advertised in the district where it was to be sold. All these things are essential to be proven by the defendant, and they are left to conjecture. The burden being upon him to establish that the property was sold in accordance with the provisions of the statute, it cannot be presumed that these essential things were complied with.

Moreover, it appears from the record that this cause of action accrued during the disability of infancy of the plaintiff in error. According to the proof he came of age February 10th of 12th, 1926. The suit was instituted in September, 1926. His right therefore to disaffirm and maintain the action would appear to justify the suit, notwithstanding the statute may have been complied with with reference to the advertisements.

It results, therefore, that the assignment is sustained, the cause reversed, and judgment will be entered here in favor of the plaintiff in error for $137.50, the amount which the proof shows without controversy had been paid, together with the costs of the cause, which will be paid by the defendant in error.

## ON PETITION TO REHEAR.

This cause was disposed of on December 3d, and on December 10th a petition was filed to rehear, which was presented to the writer on January 5th.

We have carefully examined the petition, and find no cause to reverse our former opinion and holding. In the main the petition is but a rehash of what has already been considered. Petitioner thinks that there was some evidence to sustain the judgment of the court below and, therefore, that we were not authorized to do anything else but affirm. There was some evidence, it is true, establishing certain necessary phases of the case, but there was an entire lack of evidence we think on some other phases, equally essential to be shown in the attitude the case assumed to prevent a recovery in the sum stated. Such essentials were left entirely to conjecture, and the court below was therefore not authorized to presume their existence so as to defeat the plaintiff's claim entirely.

Recurring to the opinion, it will appear that the infirmity of petitioner's proof attached after the automobile was taken into his possession for purposes of sale, and though he now thinks that under certain waiver it was not necessary to sell at all, he yet attempted to show that he complied with the statute; and to show that he did it was necessary to make it appear that he complied with every condition of the statute with reference to the advertise-

ment and sale, wherein we think he failed, the particulars of which failure appear in our former opinion and need not be restated here.

Neither does any waiver in the conditional sales contract avail to excuse the want of proper advertisement and proof of same. "The waiver of the advertisement and sale as required in this statute made in the contract of conditional sale before default in payment by the purchaser and the reclamation of the property by the vendor, is not binding upon the purchaser; for the waiver contemplated in the statute is one to be made after such default and reclamation, and not before." Note 5 under sec. 3666, Shannon's Code, citing—Massillon Engine & Thresher Co. v. C. R. Wilkes, 82 S. W. Rep., 316, 317, 318, 319. See also Ward v. Sharpe, 139 Tenn., 347; Russell v. Clinton Motor Co., 147 Tenn. 57.

As stated in Ward v. Sharpe, supra, plaintiff was a minor when said contract was made, and if the waiver had been otherwise valid, that against advertisement would have been void as against his interest.

We think the suit itself, instituted after he came of age, sufficient to claim a right of recovery upon any ground available, including the invalidating, by reason of minority, any agreement that might stand in the way of such recovery, and that the assignment, as indicated in the opinion, was broad enough to cover the results reached. Dismissed at cost of petitioner.

Portrum and Thompson, JJ., concur.