## HERMAN GRACY v. SOUTHERN AUTO SALES COMPANY.

Middle Section.   December 23, 1927.

No petition for Certiorari was filed.

1. **Sales.   Conditional sales.   Conditional sales statute must be strictly pursued.**

The summary remedy provided in this conditional sales statute, when used, must be strictly pursued, by retaking possession either by consent of the purchaser, or by process at law, so that the respective rights of both parties may be fully protected and enforced.

2. **Sales.   Conditional sales.   Seller cannot recover balance of debt where he did not comply with statute.**

The purchaser may recover the money paid upon the vendor's failure to sell as required by statute, and the seller cannot set off the balance of the debt against demands of purchaser where he did not comply by advertisement and sale.

3. **Sales.   Conditional sales.   Evidence.   Burden of proof is upon seller to show compliance with Conditional Sales Act.**

In such cases the burden of proof is on the seller to show strict compliance with the provisions of the Act with reference to the advertisement and resale of the property.

4. **Sales.   Conditional sales.   Advertising property is a condition precedent to right of seller to recover.**

If the seller fails to comply with the act in advertising and selling the property as required he then loses his right of action under section 3668, as a compliance with the provisions of the Act with respect to the advertisement and sale of the property is a condition precedent to his right of recovery. Such a condition precedent operates upon the right itself, and its performance constitutes an essential element of the cause of action.

5. **Sales.   Conditional sales.   Notice of sale must state day, month and year.**

Where the notice of sale of an automobile under Conditional Sales Act did not give the year, held that the requirement of the statute as to giving notice to time of sale was not complied with for "time" as used in the statute means day, month and year.

6. **Sales.   Conditional sales.   Description of property required in notice.**

Where the notice of sale described an automobile as "One Dodge Touring, Motor No. 525,651," held to be a sufficient description to comply with the statutory requirement.

Appeal in Error from Circuit Court, Davidson County; Hon. E. F. Langford, Judge.

Reversed.

J. W. Puckett, of Nashville, for plaintiff in error, Gracy.

John E. Wills, of Nashville, for defendant in error, Sales Co.

CROWNOVER, J.   This was an action by the Southern Auto Sales Company on notes for the balance of the purchase price of an auto-

mobile, which action originated before a Justice of the Peace and was appealed to the circuit court, where it was tried by the judge without the intervention of a jury, and resulted in a judgment for $134.60 in favor of the plaintiff below. The defendant's motion for a new trial was overruled. He has appealed in error to this court, and has assigned errors.

The facts necessary to be stated are that in the year 1925 Gracy purchased a Dodge touring automobile from the Sales Company for $350, traded his old car as part payment for $100, and executed ten $25 title retention notes for the balance of the purchase price. He paid several of said notes but defaulted on the remainder and the car was replevined, advertised and sold, and purchased by the Sales Company for the balance due it.

Thereafter on June 16, 1926 Gracy entered into another written contract to purchase said automobile from the Sales Company for $224.15, and executed six title retention notes for the purchase price, the first of which was to mature on July 1, 1926 and one every thirty days thereafter, which contract provided that in the event any one of said notes, or interest was not paid at maturity, that the balance of the unpaid notes should become due and payable at the option of the holder. After executing and delivering said contract and notes Gracy failed to call at the garage for the automobile, and the Sales Company waited until after the first note matured, then declared all the notes due and payable, and attempted to advertise and sell the car under the title retention notes, as provided by the Conditional Sales Statute. It filed the notes, contract and sales notice as exhibits to the testimony. The notice of sale is as follows:

"Notice of Sale.

"Having regained possession of one Dodge touring motor number 525651 sold to Herman Gracy with title retained default having been made in the payment of purchase price notice is hereby given that we will sell to the highest bidder for cash at public auction at our place of business 526 Broad street at Nashville, Tennessee on Saturday, August 7th at ten o'clock a. m.

"Southern Auto Sales Company

"By Geo. E. Cox."

"Levine & Levine Attorneys

"7/28."

The proof shows that said sale notices were posted and that on August 7, 1926 the automobile was sold to the highest bidder, and purchased by the Sales Company for $100, which was credited on the indebtedness and expenses of sale, which left a balance of $134.60, for which the Sales Company brought this action.

The plaintiff in error Gracy has assigned several errors, only two of which are good in this court, (1) That there is no evidence to sup-

port the judgment, and (2) That the Sales Company failed to comply with the conditional sales law, which assignments will be treated together.

As will be seen by reading over the advertisement of sale, the Sales Company failed to give the exact date of the sale, in that, it did not give the year in either the date of the advertisement or in the date of the sale, nor did it state anywhere that it was to be a sale of an automobile. The advertisement says, "One Dodge touring motor number 525651."

The Conditional Sales Statutes, Shannon's Code, sec. 3666 requires, the purchaser who has regained possession because of the consideration remaining unpaid at maturity to, within ten days, advertise the property for sale, for cash to the highest bidder, by written or printed posters, "said notice to be posted at least ten days before the day of sale, and to contain a description of the property to be sold, and time and place of said sale." etc.

Code, section 3668 provides: "Should said property, at the sale, provided by this article, fail to realize a sufficient sum to satisfy the claim of the seller, the balance still remaining due on said claim shall be and continue a valid and legal indebtedness as against said original purchaser."

Shannon's Code, section 3669 provides: "Should the seller, having regained possession of said property, fail to advertise and sell the same as provided by this article (unless said sale is waived as provided), the original purchaser may recover from said seller that part of the consideration paid, in an action for the same before any Justice of the Peace or court having jurisdiction of the amount."

The summary remedy provided in this conditional sales statute, when used, must be strictly pursued, by retaking possession by consent of the purchaser, or by process at law, so that the respective rights of both parties may be fully protected and enforced. See, Ice & Coal Co. v. Alley, 127 Tenn., 173; 154 S. W., 536; Case v. Watson, 122 Tenn., 148, 122 S. W., 86; 974.

The purchaser may recover the money paid upon the vendor's failure to sell as required by statute, and the seller cannot set-off the balance of the debt against demands of purchaser where he did not comply by advertisement and sale. In such cases the burden of proof is on the seller to show strict compliance with the provisions of the act with reference to the advertisement and resale of the property. See, Massilon Engine & Thresher Co. v. Wilkes, 82 S. W., 316; Furniture Co. v. Boon, 102 Tenn., 719, 52 S. W., 155.

It is thus seen that if the seller fails to comply with the act in advertising and selling the property as required he then loses his right of action under section 3668, as a compliance with the provisions of the act with respect to the advertisement and sale of the property

is a condition precedent to his right of recovery. Such a condition precedent operates upon the right itself, and its performance constitutes an essential element of the cause of action. See, 1 C. J., 976.

Now, is the leaving out of the year in the advertisement such a defect as to render the proceedings void under the Conditional Sales Law? After an examination of authorities we think the defect is fatal.

As above stated, the statute requires that the notice shall contain a description of the property, and time and place of said sale. The word "time" is equivalent to and synonymous with the word "date," and means in this connection the day, month and year. There are several statutes requiring notice of the time and place of an occurrence or injuries received, and the courts have held that the word time means the day, month and year. See, Gardner v. City of New London, 28 Atl., 42, 63 Conn., 267; East Tennessee, etc., R. Co. v. Carloss, 77 Ala., 443, 447; 8 Words and Phrases, 6975; 2 Words and Phrases 1830; 17 C. J., 1130.

We have several such statutes in Tennessee. For instance, the Act of 1913, chapter 55, requires that where one receives an injury caused by a defect in the street or sidewalk of a city, that written notice to the municipality of the injury must state "the time and place where said injury was received." Our Supreme Court has held that this notice is a condition precedent to liability, and that it must be strictly complied with in respect to the time and place; and it was held that where one who had received an injury gave notice of a wrong date, erroneously stating in the notice that the date of the injury was on February 7, 1922, whereas the proof showed that it occurred on February 17th, of that year, no recovery could be had. See, Knoxville v. Felding, 153 Tenn., 586; 285 S. W., 47.

As we have seen the provisions of this statute must be strictly complied with by the seller with respect to the advertisement and sale, and where the year is entirely left out of the advertisement we do not think the advertisement complies with the terms of the statute; hence these assignments must be sustained.

Some question might be raised as to the compliance with the statute with respect to the description of the property in the advertisement, as it stated that "one Dodge touring motor number 525651" would be sold, and it might be contended that this was an advertisement of sale of the motor only, but we think that a person of ordinary intelligence upon reading the advertisement would conclude that it was a sale of the whole automobile instead of a sale of the motor only.

It results that the two assignments of error will be sustained, but the other assignments will be overruled. The judgment is reversed

and the action dismissed. The costs of the cause, including the cost of the appeal, is adjudged against defendant in error Southern Auto Sales Company, for which execution may issue.

Faw, P. J. and DeWitt, J., concur.