## A. D. DACUS v. KNOXVILLE OUTFITTING COMPANY.

Eastern Section. March 23, 1929.

Petition for Certiorari denied by Supreme Court, May 25, 1929.

684

Wray & Wray, of Knoxville, for appellant.
Bowen & Bowen, of Knoxville, for appellee.

FAW, P. J.  A. D. Dacus purchased of the Knoxville Outfitting Company certain furniture, the title thereto being retained by the seller to secure the purchase-price.  The price which Dacus agreed to pay for the furniture was $872.50.

Dacus did not buy all of the furniture at one time, but in five separate purchases, the first on July 11, 1926, and the last on November 10, 1926.  However, by the terms of the several written conditional sales contracts signed by Dacus, we may, for the purposes of this opinion, treat the contract as one for the purchase of a bill of furniture aggregating $872.50, on which Dacus made a down payment of $15, and contracted to pay the remainder in installments of $30 each and every month thereafter.

After paying $340 (including the "cash payments") on the purchase-price of the furniture, Dacus defaulted in his monthly payments and the Outfitting Company repossessed the property and sold it for $300.  This suit was brought by Dacus against the Knoxville Outfitting Company to recover the sums thus paid by him, basing his suit upon allegations that the Outfitting Company had never at any time advertised and sold said furniture at public outcry as provided by the Act of 1889, and the subsequent Act amendatory thereof, pertaining to conditional sales.

The Outfitting Company answered the bill and, in substance, averred that in repossessing, advertising and selling said furniture it had in all respects complied with the law governing conditional sales, and that, after crediting complainant Dacus with the sum of $340 paid by him, and the further sum of $300 realized from the sale of the furniture, Dacus was indebted to the defendant Outfitting Company in the sum of $232.50; and the defendant filed its

answer as a cross-bill, and prayed for a decree against Dacus for the sum of $232.50, with interest, and for the costs of the cause.

Dacus answered the cross-bill of the Outfitting Company, and in his answer he denied that the Outfitting Company advertised and sold said furniture according to the statute, and denied that there was any sale of the furniture at all, but he said further in his answer that, if the Outfitting Company did undertake to sell said furniture, the statute was not complied with, either by advertising according to law or by the manner in which the sale was held.

Proof was taken and filed on behalf of the parties, respectively, and the cause was heard by the Chancellor on the whole record, whereupon a decree was entered (on June 21, 1928), whereby it was adjudged and decreed that the cross-bill of the defendant Knoxville Outfitting Company be dismissed, and that complainant Dacus recover of defendant Knoxville Outfitting Company the sum of $340, with interest accrued thereon of $15, making an aggregate recovery of $355, and also all the costs of the cause, for all of which execution was awarded.

The facts found by the Chancellor are set forth in his decree as follows:

"That the complainant purchased from the defendant under conditional sales contracts, constituting one contract, the bills of furniture set out in this record in this cause, and that he made payments on the purchase price from time to time amounting in the aggregate to the sum of $340, and that he defaulted in other payments and the goods were repossessed by the defendant and undertaken to be sold by the defendant under the Acts of 1889 and Amendments thereto, the attempted sale taking place on the 18th day of October, 1927, and at said sale, the property brought the sum of $300, leaving a balance due thereon had said sale have been regular, the sum of $232.50.

"The court finds as a fact that in the attempted advertisement and sale of said goods, the defendant did not comply with the Acts of 1889 and amendments thereto pertaining to conditional sales of personal property, in that the sale notices were not posted in three or more public places, as provided by statute. The court further finds that the attempted sale of the property was made on the third floor of the store building of the defendant, and that this was not a compliance with the sale notice; and further finds that the attempted sale was in bulk and not piece by piece, and that for this reason the attempted sale was void, or at least voidable at the election of complainant."

The defendant Knoxville Outfitting Company excepted "to the action of the court in finding and holding that the defendant had

not complied with the Conditional Sales Act in respect to advertising and selling said property, and to the action of the court in dismissing its cross-bill and in granting complainant a recovery,'' and the defendant prayed an appeal therefrom to this court, which appeal was granted by the Chancellor and perfected by the appellant.

Through assignments of error, brief, and oral argument, it is insisted for the defendant Knoxville Outfitting Company that the evidence does not support the findings and decree of the Chancellor.

It is seen from the foregoing statement that the Chancellor's decree in favor of complainant Dacus is based upon his finding that defendant Knoxville Outfitting Company did not comply with the requirements of the law governing the transactions here involved, in three particulars, viz:

(a) That the sale notices were not posted in three public places as provided by statute; (b) that the attempted sale of the property was made on the third floor of the store building of defendant, and this was not a compliance with the sale notice; and (c) that the attempted sale was made in bulk, or in mass, and not piece by piece, and that for this reason the attempted sale was void, or at least voidable at the election of complainant.

1. The Act of 1889, ch. 81 (providing a remedy for purchaser and seller in conditional sales of personal property), as amended by the Act of 1911, ch. 8, provides that the seller, within ten days after regaining possession because of the consideration remaining unpaid at maturity, shall advertise the property for sale for cash to the highest bidder, ''by written or printed posters posted at as many as three public places in the county where the property is to be sold, one of said places to be in the district in which said property is to be sold and one at the court house door in the county in which the property is to be sold, and the other or third at any public place in the county.''

In the instant case, the evidence with respect to the places where the notices or advertisements of the sale in question were posted is contained in the deposition of H. O. Michaels, an employee of the defendant Knoxville Outfitting Company; and we quote his testimony on that subject, which is as follows:

"Q. I hand you here—with what purports to be an advertisement for furniture in this case, and I will ask whether this is the advertisement you put up, if you did put it up? A. Yes, sir, I put that up.

"Q. Where did you put it up? A. I posted it at the store on the outside, and at the Squire's office, and down at the court house.

"Q. At what Squire's office? A. W. D. Ford's.

"Q. Where did you put it at the court house? A. Where all the advertisements are put.

"Q. Is it where they put court advertisements? A. Yes, sir.

"Q. What Squire's office did you put it up? A. Squire Ford's.

"Q. Where is that located? A. In the rear of the Empire or Deaderick Building, or back of the post office. . . .

"Q. Where did the sale take place? A. At the Knoxville Outfitting Company.

"Q. That is where? A. 208 Gay street.

"Q. There is only one Knoxville Outfitting Co.? A. Yes, sir.

"Q. State whether or not it was at the court house door in Knox county this advertisement was posted? A. Yes, sir, in Knox county.

"Q. State whether or not the Knoxville Outfitting Company is located in Knox county, Tennessee? A. Yes, sir, in Knox county, Tennessee.

"Q. And was this Squire, at whose office this advertisement was posted, located in Knox county? A. Yes, sir."

A copy of the "advertisement," to which the witness Michaels refers in his testimony, is exhibited with the testimony of E. H. Sterchi, and it may properly be described as a "written or printed poster."

It thus appears from the testimony of the witness Michaels, in connection with the exhibit just mentioned, that written or printed posters advertising the sale were posted in three places in Knox county, Tennessee, one of which was at the court house door, another "on the outside" of the store of the Knoxville Outfitting Company at 208 Gay street, where the property was advertised to be sold, and the third was posted at the office of Squire W. D. Ford, which was located "in the rear of the Empire or Deaderick Building. or back of the post office."

"Public place" is a relative term, and its meaning depends somewhat upon the connection in which it is used. See 6 Words & Phrases Judicially Defined (1 Ed.), pp. 5806-5812. We think the requirement of our conditional sales law that the notices be posted in a "public place" contemplates that they shall be posted in a place where many people are accustomed to congregate or pass by, and where such notices are likely to attract public attention and their contents become known to the community, and thus give information of the sale to persons who may be interested and possibly become bidders.

"Courts will take judicial notice of the official character of the justices of the peace in their own states, but the locality of a

justice's office is not such a matter of public notoriety as to be a subject of judicial recognition." 15 R. C. L., p. 1107, par. 38; Note, 89 Am. D. 685; Note, 82 Am. St. R. 444.

The court cannot know judicially whether the office of a Justice of the Peace located "in the rear of the Empire or Deaderick Building, or back of the post office," in Knox county, Tennessee, is or is not a "public place," as contemplated by the conditional sales law.

It was incumbent on the defendant Outfitting Company to show that it complied with the requirements of the conditional sales statute. In the case of Whitelaw Furniture Co. v. Boon, 102 Tenn., 719 (52 S. W., 155), the Supreme Court said:

"The Circuit Judge in this case charged the jury that where a vendor in a conditional sale has reclaimed property from his vendee, because of the failure of the latter to pay the full purchase money as provided in the contract of such sale, and is afterwards sued by the vendee for that part of the purchase money paid before reclamation, that the burden of proving a compliance with the requirements of Sec. 4, Ch. 81, of the Acts of 1889 (sec. 3669 of Shannon's Code), was upon the defendant. Upon regaining possession of property so sold, the statutory duty of within ten days thereafter advertising the same for sale in the manner prescribed by the Act, is imperative, and a failure to discharge this duty in any important particular makes the vendor so reclaiming liable to the original purchaser for the part of the consideration theretofore paid. Whether he has complied with the provisions of the statute in making this sale is peculiarly within the knowledge of the original vendor. He knows better than any one when and where he posted the notices announcing the sale, and whether it occurred at the time and place designated in the notices, and in placing this burden on him the court only applies the rule uniformly adopted in cases where defendants are prosecuted for selling liquor without license. In such cases, that the defendant has a license is a fact lying particularly within his own knowledge, and as proof of it can easily be made by him, the duty of furnishing it is imposed upon him, rather than proof of the negative upon the prosecutor. Farrell v. State, 32 Ala. 557; Williams v. State, 35 Ark., 430; Conyers v. State, 50 Ga., 103; Nocker v. Peoples, 91 Ill., 468; State v. Miller, 53 Iowa, 84.

"There was no error in the action of the trial judge and his judgment is affirmed."

In construing and applying the conditional sales law, "the court has always treated the requirements as to advertisement and sale with the greatest strictness." Ward v. Sharpe, 139 Tenn., 347,

351, 200 S. W., 974. And has held that "its provisions must b]e strictly pursued." Ice & Coal Co. v. Alley, 127 Tenn., 173, 179,· 154 S. W., 536. There is no occasion for us at this time to discuss the reasons for these rulngs. It is ·enough that our court of last resort has so declared.

We are of the opinion that there was no error in the Chancellor's finding that the sale notices were not posted in three public places as provided by statute.

2. The building in which the Knoxville Outfitting Company conducted its furniture business occupied two adjoining lots num- ·bered 208 and 210 on South Gay street, and was a three-story build- ing. As we have seen, the Chancellor was of the opinion that a sale of the furniture in question made on the third floor of said store building of the defendant "was not a compliance with the sale notice," in which it was stated that the defendant would sell the furniture "at 208-210 S. Gay St."

We do not concur in this view. The proof indicates that the defendant conducted its furniture business on each and all of the three "floors" of the building, and it is a reasonable inference from all the circumstances that anyone desiring to attend the sale could, when they reached the building indicated by the sale notices, have readily ascertained by inquiry the particular place where the sale was to be held in the building.

There was an elevator in the building, and the evidence does not tend to show that there was any effort or purpose on the part of defendant to conduct the sale in such place or in such way· and manner as to prevent the attendance of prospective bidders or interested persons. We are of the opinion that, upon the facts of this record, a sale on the third floor of defendant's store building was a sale at the place designated in the sale notices.

3. The furniture which defendant attempted to sell pursuant to the sale notices consisted of a living room suite, a bed room suite, a dining room suite, and a considerable number of miscellaneous articles of furniture. We think it may be assumed, as a matter of common knowledge, that a sale of such a lot of furniture piece by piece, or in appropriate parcels, would, under ordinary conditions, produce a larger sum than a bulk sale. It was the duty of the de- fendant to sell the furniture in such manner as to realize the largest price obtainable under the circumstances.

It is well settled in this State that where an execution is levied upon several distinct parcels of real property, each parcel should be offered and sold separately, and a sale of all the tracts in gross is void. Mays v. Wherry, 2 Baxt. 133; York v. Byars, 137 Tenn. 38, 44, 173 S. W., 435, and other cases therein cited.

The reason usually given for this rule is that a gross sale of several separate parcels of land works a fraud on the debtor's right of redemption, as the price cannot be apportioned among the several parcels and the debtor cannot redeem either parcel without redeeming the whole. Of course, the reason thus given does not apply to a sale of personalty; but, an additional reason for the rule is stated in Winters v. Heirs of Burford, 6 Cold. 328, 331, where it said: "When several distinct parcels of property are levied on, it is the duty of the sheriff to make the sale in the manner best calculated to obtain the largest price, and to require the sale of the smallest amount of the property to satisfy the debt. To this end, we think it necessary that each separate parcel should be offered and sold by itself. Any other mode of sale must operate oppressively towards the debtor, and tend to produce a sacrifice of his property."

"A sale (under execution) of personal property en masse can seldom be justified, and then only under special circumstances." 10 R. C. L., p. 1297; Brock v. Berry, Demoville & Co., 132 Ala. 95, 90 Am. St. R. 896, 898.

There may be circumstances that would justify an execution sale of personal property in mass, but one who claims under such a sale ought to show the existence of such circumstances. "Prima facie, the sale is not good." Klopp v. Witmoyer, 43 Pa. State 319, 82 Am. D. 561, 566.

We see no reason for the application of a different rule to a sale made by the vendor after regaining possession under our Act of 1889, ch. 81, and we agree with the Chancellor that the attempted sale challenged in this case was void for the reason that it was a sale in bulk.

4. The conclusions we have stated meet all of appellant's assignments of error except the fourth, which is that "the Court erred in dismissing (admitting) the hearsay testimony of A. T. Bowen, solicitor and only witnesses for appellee."

The fourth assignment, supra, is overruled for the reason that it wholly fails to conform to the rules of this Court governing assignments of error, which provide that, "when the error alleged is to the admission or rejection of evidence, the specification shall quote the full substance of the evidence admitted or rejected, with citation of record where the evidence and ruling may be found." (See appendix to 1 Tenn. App. R.)

5. It is argued on behalf of appellee that the record discloses facts other than those found by the Chancellor which afford a sufficient predicate for the recovery granted to the complainant; but we need not go into these matters for the reason that the appellee has not assigned errors on the failure of the Chancellor to find such facts.

"It is provided by chapter 68 of the Acts of 1927 (amending sec. 12, ch. 100, of the Acts of 1925) that

" 'The Court of Appeals shall not be limited to the consideration of such facts as were found or requested in the lower court, but it shall independently find and consider all material facts in the record, and either party, whether appellant or not, may assign error on the failure of the Chancellor to find any material fact, without regard to whether such facts were found or were requested in the lower court. This shall not apply to any case tried before court on oral testimony.' "

We are of the opinion that the Act of 1927, ch. 68, supra, does not impose on this Court the duty of finding facts not found by the Chancellor, in a case where the facts expressly found by the Chancellor afford a sufficient legal predicate for his decree, and the appellee has not assigned errors upon the failure of the Chancellor to find additional facts.

6. For the reasons hereinbefore stated, the appellant's assignments of error are all overruled and the decree of the Chancery Court will be affirmed. A decree will be entered here adjudging a recovery in favor of complainant A. D. Dacus and against defendant Knoxville Outfitting Company and the sureties on its appeal bond for $340, with interest thereon from the date of the filing of the bill in this case (October 28, 1927), and for all the costs of the cause, including the costs of the appeal.

Crownover and DeWitt, JJ., concur.