GILLIAM *v.* GOODYEAR TIRE & RUBBER CO. *et al.*
CARTER *v.* SAME.

(*Nashville*, December Term, 1939.)

Opinion filed March 8, 1940.

WILLARD HAGAN, of Lebanon, for plaintiffs.

A. A. ADAMS, JR., of Lebanon, for defendants.

PER CURIAM.—These two suits involved similar facts and were tried together below and in the Court of Appeals. The suits were brought against defendant Goodyear Tire and Rubber Company and its local manager at Lebanon by purchasers of truck tires under conditional sales contracts to recover the respective sums paid by them on account of said purchases for that the defendants, upon plaintiffs' defaults, had regained possession of the tires and failed to advertise and sell the same as required by law. The circuit judge dismissed the suits but the Court of Appeals reversed as to Goodyear Tire and Rubber Company and rendered judgments in favor of the plaintiffs against that company.

That court found, from a preponderance of the evidence, that defendant Crossland, acting for defendant Goodyear Tire and Rubber Company, demanded possession of the tires because of plaintiffs' defaults in payment of purchase money past due; that upon the said demand, each of plaintiffs voluntarily delivered the tires to the local manager for defendant Goodyear Tire and Rubber Company, with the agreement that defendants should sell the tires at private sale, and after such sale, furnish plaintiffs some old tires that could be used on their trucks.

Upon the state of facts thus found, in a carefully prepared opinion by Presiding Judge FAW, the Court of Appeals reviewed our statutes and determined the rights of the parties as follows:

"In the Article on the subject of 'Conditional Sales and Remedies of Purchaser and Seller' it is provided

by the Code (in Section 7291) that, 'Should the seller or assignee having regained possession of said property, fail to advertise and sell the same as provided by this article (unless said sale is waived as provided), the original purchaser may recover from said seller or assignee that part of the consideration paid to him, in an action for the same before any justice of the peace or court having jurisdiction of the amount.'

"It was held at an early day (1893) that 'The duty of the original seller to resell the property upon reclamation by him is positive, and failure to perform that duty fixes upon him absolute responsibility to the purchaser for the purchase-money previously paid. Only an agreement to waive a resale will relieve him of the statutory duty of selling, and save him from liability for the money received.' *Cowan* v. *Singer Mfg. Co.*, 92 Tenn., 376, 383 [21 S. W., 663], *supra*; and we are not aware of any subsequent departure from the ruling there made.

"The 'agreement to waive a resale' mentioned in the above quotation from the opinion in *Cowan* v. *Singer Mfg. Company*, was authorized by a proviso in the aforesaid Act of 1889, chapter 81, (Section 1) in these words: 'The said original seller and purchaser may at any time, by agreement, waive the sale provided in this act.'

"It was held in *Massillon Engine & Thresher Co.* v. *Wilkes, supra* [Tenn.], 82 S. W., 316, that a provision for such waiver contained in the original contract of sale, or an agreement therefor at any time before default is made in payments, is not permitted by the statute, and is ineffective.

"And it was held in *Ward* v. *Sharpe, supra*, 139 Tenn., 347 [200 S. W., 974], that, although the 'sale' might be waived by agreement after default made, 'the Act does not permit the waiving of the advertisement alone,'

Otherwise stated, it was there held that an agreement made after default that the conditional seller might take the property back and sell it at private sale, without advertisement as provided in the statute, was not permissible, and would not relieve the seller of liability to the original purchaser for 'that part of the consideration paid.'

"The Code of 1932 (Section 7287) introduced a material modification of the aforesaid statute permitting the seller and purchaser to waive the sale 'by agreement.' That is to say, the existing statute (which was in force at the time of the transactions involved in the instant cases) provides that 'the original seller, or his assignee, and purchaser, may at any time, by agreement in writing, entered into after default, waive the sale provided for in this Article.'

"It is thus seen that the sale provided for in the statute may not now be waived by an oral agreement, as it could formerly under said Act of 1889, chapter 81, but can be waived only by an 'agreement in writing.' The reasonable inference from the proof in the instant cases is that the agreements under which the tires were repossessed by the original seller were altogether in parol. Certainly there is no evidence that they were 'in writing.'

"The burden was on the seller, Goodyear Tire & Rubber Company, to prove, in order to defeat a recovery by the plaintiff under Section 7291 of the Code, either a strict compliance with the requirements of the statute (Code, section 7287) with reference to the advertisement and resale of the property, *Whitelaw Furniture Co.* v. *Boon, supra,* 102 Tenn., 719, [52 S. W., 155], or to prove that the conditional purchasers had waived the statutory sale. *Hobbs* v. *Smith,* 171 Tenn., 176, 101 S. W. (2d),

474. And since the adoption of the Code of 1932, an effective waiver of advertisement and sale could be made only by 'an agreement in writing, entered into after default.'

"We find that the evidence preponderates against the judgments of the Circuit Court dismissing the actions of the plaintiffs against defendant Goodyear Tire & Rubber Company, and said judgments are reversed and vacated; but the judgments of the Circuit Court dismissing the actions of the plaintiffs against J. C. (Jim) Crossland are affirmed. We find no basis in the record for any judgment against Crossland. In the transactions involved in these cases Crossland was acting as the general agent for a disclosed principal, and 'the general rule of normal agency' is that 'where a contract is made by an authorized agent in the name and on the account of a competent principal, the agent incurs no liability upon or with reference to the contract. The agent does not guarantee that his principal will perform the contract or that he can perform it. Neither does he guarantee the honesty, solvency or good faith of his principal, nor the legal sufficiency or validity of the contract. The agent is merely the means of making for his principal the contract itself. All matters respecting its validity or effect, and all questions respecting its performance lie ordinarily beyond the range of the agent's undertaking.' 1 Mechem on Agency, (2 Ed.), Sec. 1357. See, also, 3 C. J. Secundum, Agency, page 119, section 215; *Siler* v. *Perkins*, 126 Tenn., 380, 386, 149 S. W., 1060, 47 L. R. A. (N. S.), 232; *Martin* v. *Gardner*, 8 Tenn. Civ. App., 266. The defendant company has fully adopted and ratified the acts of Crossland in the premises by relying thereon for its defense in these cases. 21 R. C. L., pages 923, 924, Sec. 102."

The defendant relies on certain cases decided by the Court of Appeals in which the change in the conditional laws made by section 7287 of the Code was not observed. This change was evidently not called to the attention of the court. For the reasons stated by Judge FAW, we conclude that, since the enactment of the Code of 1932, the conditional vendor having regained possession of the property because of the consideration remaining unpaid at maturity, the statutory advertisement and public sale can only be waived by agreement in writing. Such waiver cannot be brought about by a parol agreement or by conduct of the parties.

To avoid the frequent controversies arising as to the existence and terms of asserted waivers of the statutory requirements concerning advertisement and public sale, it was the obvious design of the compilers of the Code of 1932 to require all such waivers to be in writing before they could be given effect.

The petition for *certiorari* is denied.