THIRD NATIONAL BANK IN NASHVILLE *v.* J. R. OLIVE.

(*Nashville,* December Term, 1954.)

Opinion filed August 2, 1955.

688

FARRIS, EVANS & EVANS, THOMAS M. EVANS and JOHN D. MOSBY, all of Nashville, for petitioner.

DENNIS W. SUMMERS, of Nashville, for respondent.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The question at issue in this litigation is whether the Bank's peaceful repossession of a trailer, without the consent of the respondent and without legal process, under the terms of a chattel mortgage executed by the respondent and the subsequent sale thereunder were legal.

The Chancellor resolved the question in favor of the Bank and gave judgment on full amount sued for. On appeal the Court of Appeals reversed because that court held that the maker of a chattel mortgage could not waive or consent to the mortgagees taking possession of the property if default were made, prior to the making of that default. Petition for certiorari has been filed which has been heretofore granted. We now have the matter for determination.

The suit was filed by the Bank for a deficiency judgment upon a note secured by a chattel mortgage upon a trailer truck refrigerator unit. The bill alleged that the Bank had taken possession of the property which was secured by a chattel mortgage and sold the same under the terms of that mortgage and that the balance which was sued for was the amount due and unpaid under the mortgage after the sale of the property. The defendant admitted that he owed the indebtedness and averred that at the time the Bank took possession of the trailer that he was making an effort to sell it for enough to pay the amount of the debt. The Bank declined to agree with this and the defendant insisted that the trailer be left on his premises for additional time to permit him to make further negotiations for the sale, in an effort to pay the Bank what he owed it, but the Bank feeling that more than ample time had been extended to the defendant refused any further time and proceeded under the terms of its mortgage to take possession of the truck and sell it. The defendant in this negotiation insisted to the Bank at the time that if they did take possession of the property that he would not be responsible for any deficiency. The chattel mortgage under the terms of which the plaintiff took possession of this trailer contained the following provisions:

"But *should default be made* in the payment of the above mentioned note or should any of the conditions or agreements contained in said note, or in this instrument be breached or should the holder of said note *deem itself insecure,* then *the holder* of said note *may take immediate possession of said property wherever it may be found, with or without process of law, and sell the same at public or private sale without notice and without demand of performance,* at which sale the holder of the note secured may become the pur-

chaser and out of the proceeds of such sale retain such an amount as shall pay the aforesaid note and interest thereon and any attorney's fee incurred in the collection or attempted collection of said indebtedness, and all such other expense as may be incurred for taking, keeping, advertising for sale and selling of the said property, returning the surplus money, if any there be, to the Mortgagor, his heirs or assigns; and the Mortgagor does hereby authorize any person making such sale, either public or private, to give a Bill of Sale to the purchaser thereof which shall be conclusive as to the regularity of all proceedings connected herewith, and to convey absolutely all his rights and title therein." (Emphasis supplied.)

The Court of Appeals reversed the Chancellor because it was of the opinion that under the authority of *Mitchell* v. *Automobile Sales Co.,* 161 Tenn. 1, 28 S. W. (2d) 51, 53, 83 A. L. R. 955 that since this consent for sale and repossession was made prior to default that then the repossession and sale were void. The Court of Appeals quoted, among other things, the following excerpt from the Mitchell case, supra:

"For the same reasons which impelled the court to hold that waiver of the advertisement and sale, required by the statute, may not be made until after default and reclamation. *Ward* v. *Sharpe,* supra [139 Tenn. 347, 200 S. W. 974]; *Massillon Engine & Thresher Co.* v. *Wilkes,* [Tenn.] 82 S. W. 316, we hold that consent to repossession for default in the payment of the purchase price, carrying with it the right to advertise and resell, can only be given after the occurrence of the default upon which the right to repossession is based. This we believe to be the es-

sential purpose and intent of the conditional sales statute.''

That court likewise relied upon *Commerce Union Bank* v. *Jackson*, 21 Tenn. App. 412, 111 S. W. (2d) 870, and *Quick* v. *Woodward Motor Co.*, 23 Tenn. App. 254, 130 S. W. (2d) 147. Both cases are like the Mitchell case, supra, cases in which conditional sales contracts were involved and not a chattel mortgage contract. Thus under those cases the conditional vendee was given judgment against the conditional vendor on the theory that the seller (conditional vendor) regained possession of the chattel and sold it without the consent of the purchaser and without process of law, and therefore was guilty of its conversion. *Murray* v. *Federal Motor Truck Sales Corp.*, 160 Tenn. 140, 22 S. W. (2d) 227, 228, 23 S. W. (2d) 913.

The basic reason back of these conditional sales cases wherein the waiver of advertisement or default, etc., which was made prior to default was held void is stated in the Mitchell case, supra, thus:

''The statute, regulating conditional sales of personal property has been construed uniformly with regard for those rights it was designated to protect. In *Ward* v. *Sharpe*, 139 Tenn. 347, 350, 352, 200 S. W. 974, 975, the court said: 'The act of 1889 referred to was based on the policy of protecting persons who buy property under conditional sales, such persons being usually impecunious. It was the intention of the Legislature to protect these people from oppression on the part of vendors. * * * It was the intention of the Act to protect these people, and the court has steadily upheld and given effect to that intention at all times.' ''

This same reasoning is not applicable in chattel mortgage contracts.

■ In Tennessee we have no similar restrictive statutes as to chattel mortgages as we do conditional sales. Under the common law possession, as well as title, passes to the mortgagee when a chattel mortgage is involved, and thereafter the mortgagor holds as bailee, trustee or tenant at will for the mortgagee until condition broken when the right to possession vests immediately in the mortgagee. 10 Am. Jur., p. 810, Chattel Mortgages, Section 147; 14 C. J. S., Chattel Mortgages, Sec. 176, p. 784; *Maney* v. *Killough,* 15 Tenn. 440; *Lincoln Savings Bank* v. *Ewing,* 80 Tenn. 598; *Metropolitan Life Ins. Co.* v. *Moore,* 167 Tenn. 620, 622, 625, 72 S. W. (2d) 1050; *Howell* v. *Tomlinson,* 33 Tenn. App. 1, 228 S. W. (2d) 112, 116.

■ In as far as we can find it is held everywhere, as here, that in a case of a chattel mortgage that where the mortgagor repossesses the mortgaged property in an orderly manner without a breach of the peace, he may repossess the same without legal process even though such repossession is without the consent or against the express will of the mortgagor; and particularly is this true where the mortgage provides, as it does in the instant case that upon condition broken the mortgagee may take immediate possession of the property wherever it may be found. See 14 C. J. S., Chattel Mortgages, Secs. 184-185, pp. 792-794; 10 Am. Jur., p. 811, Chattel Mortgages, Section 148; *Wilson Motor Co.* v. *Dunn,* 129 Okl. 211, 264 P. 194, 57 A. L. R. 17, and annotation.

In 14 C. J. S., Chattel Mortgages, Sec. 366, p. 1020, it is said:

"After a forfeiture, the holder of a chattel mortgage may ordinarily sell the property in satisfaction of his debt without a judicial proceeding, at least where the parties have so agreed. (Numerous deci-

sions from various states over the United States are cited in support of this statement). Thus it is generally held that the mortgage may be foreclosed by a sale of the property under a power of sale contained in the mortgage without resort to a court for a decree of foreclosure, unless, as already considered in § 362 b, the statutory method of foreclosure is exclusive."

 We have no statutory method in this State controlling the method of foreclosing a chattel mortgage.

"The power to foreclose through sales, other than under court order, is purely contractual". *Campbell v. Eastern Seed & Grain Co.*, Tex. Civ. App., 109 S. W. (2d) 997, 998.

This statement seems to us very reasonable and in the absence of a statute such as we have in our conditional sales contract, particularly Code Section 7287, we see no reason why individuals cannot contract as they see fit so long as such a contract is not against public policy. The contract here made seems reasonable. See an excellent article and discussion on the question particularly making a distinction between the conditional sales contract and chattel mortgages in 22 Tennessee Law Review, beginning at 403 and continuing through page 407 of that work. The author of this article among many interesting things in reference to the two kinds of contracts says:

"(4) he may sell the property without judicial proceedings if authorized by the terms of the mortgage under a power of sale." Citing as authority for this statement, 2 Jones, Chattel Mortgages and Conditional Sales, Sections 699-712 (6th Edition 1933).

Upon examination of this excellent text we find that the statement there bears out the author of this article and

cites authorities in support thereof which seem reasonable.

For the reasons herein stated, the decree of the Court of Appeals is reversed and that of the Chancellor is affirmed.