**Donna E. KENDRICK,
Plaintiff/Appellee,**

v.

**Richard H. ALEXANDER, et al.,
Defendants/Appellants.**

Court of Appeals of Tennessee,
Western Section, at Knoxville.

Aug. 26, 1992.

Application for Permission to Appeal
Denied by Supreme Court
Nov. 23, 1992.

Timothy W. Jones, Richard R. Vance, Sevierville, for defendants/appellants.

R.W. Brooks, Sevierville, John A. Walker, Jr., Knoxville, for plaintiff/appellee.

FARMER, Judge.

Defendants Richard H. Alexander and Hometown Realty, Inc., d/b/a Century 21 Four Seasons Realty, appeal from the order of the trial court awarding a judgment of $110,000.00 to Plaintiff, Donna E. Kendrick.

In September 1989 Defendant Richard H. Alexander and Hidden Valley Properties, Inc.[1], entered into an agreement for the sale of certain real property located in Sevier County, Tennessee. The parties reduced their agreement to writing on a form contract provided by Defendant Vacation Real Estate Center. The agreement, which provided for a total purchase price of $500,000.00, acknowledged that Vacation Real Estate Center received $10,000.00 as earnest money and partial down payment from the purchaser, Hidden Valley Properties. The parties agreed to consummate the sale within ninety (90) days of the date of the agreement but agreed that closing would not occur prior to December 1, 1989. Plaintiff and Elliott Prizant executed the agreement for Hidden Valley Properties.

---

1. The purchase agreement lists Hidden Valley Properties, Inc. as the purchaser but appears to be signed by Donna E. Kendrick in an individual capacity. The complaint alleges that the agreement was entered into between Alexander and Kendrick and the answer admits this allegation. It is apparent from the record that the parties treated this transaction throughout as being between Alexander and Kendrick.

On December 29, 1989, Defendant Alexander and Plaintiff, d/b/a Hidden Valley Properties, Inc., executed an addendum whereby the parties agreed to extend the closing date of the contract to January 11, 1990. The addendum required the purchaser to pay an additional $20,000.00 earnest money for the extension. The addendum further provided that if the sale did not close on or before January 11, 1990, the purchaser would forfeit the $30,000.00 earnest money as liquidated damages. Plaintiff wrote a check for the additional $20,000.00, but the check did not clear.

On January 11, 1990, the parties completed a "dry closing" on the property. Apparently, once the parties completed the dry closing, all that was required of Plaintiff in order to receive the deed to the property was to submit the remainder of the $500,000.00 purchase price. In connection therewith, on the following day Plaintiff submitted the sum of $100,000.00 by cashier's check to Jerry Kerley, the attorney handling the closing for Defendant Guaranty Land Title, who deposited the money into an escrow account. Later an additional $100,000.00 was wired to the escrow account by a Julie Sexton.

Because of difficulties in obtaining financing, Plaintiff was unable to raise the additional funds required to pay the total purchase price of $500,000.00. On January 15, 1990, Defendant Alexander and Plaintiff and Elliott Prizant, d/b/a Hidden Valley Properties, Inc., executed a second addendum to extend the closing date of the contract to January 19, 1990. The addendum provided as follows:

In and for the consideration of $50,000.00 cash in hand, the parties do hereby agree to extend the contract dated September 13th, 1989, between Richard H. Alexander of Lenoir City, Tennessee and Hidden Valley Properties, Inc., of Knoxville, Tennessee. The extended closing date shall be on or before Friday, January 19th, 1990, at 12:00 Noon.

The total earnest money held on this contract to date stands at $160,000.00 with an additional $50,000.00 paid to Richard H. Alexander in consideration of extending the contract closing date to Friday, January 19th, 1990, at 12:00 Noon. $10,000.00 of said $160,000.00 earnest money is being held by Vacation Real Estate Center, with the remaining $150,000.00 earnest money being held by Guaranty Land Title Company.

The Purchasers do hereby agree to forfeit $60,000.00 of the earnest money as liquidated damages, without any recourse, should this transaction not close with full funding by Friday, January 19th, 1990, at 12:00 Noon. The remaining $100,000.00 earnest money shall be refunded directly to Julie Sexton, should this transaction not close with full funding by Friday, January 19th, 1990, at 12:00 Noon. In no event will any monies be refunded to Donna Kendrick, Elliott Prizant, or Hidden Valley Properties, Inc.

By agreement the parties later extended the closing date to January 23, 1990, and then to February 1, 1990. Plaintiff, however, never tendered the full purchase price for the property, and in February 1990 Defendant Alexander sold the property to another purchaser for $550,000.00. Per the January 15, 1990, addendum, Defendants returned $100,000.00 to Julie Sexton. Defendants refused to return the remaining $110,000.00 to Plaintiff, including the $50,000.00 paid to Defendant Alexander in consideration of extending the contract closing date and the $60,000.00 earnest money.

Plaintiff subsequently sued Defendants to recover these amounts. After a trial, the Chancellor awarded Plaintiff a judgment in the aggregate amount of $110,000.00. This sum included the $50,000.00 paid to Defendant Alexander and various sums being held by the remaining Defendants and totalling $60,000.00. The Chancellor based the award on his finding that the sums paid by Plaintiff were "greatly in excess of a reasonable estimate of the damages that would occur" from Plaintiff's breach of contract and that, therefore, the same was "in actuality a penalty constituting a punishment and forfeiture not permitted by law."

On appeal Defendants have presented the following issues for review:

1. Whether the trial court erred in failing to rule that the Plaintiff's default and/or breach of the parties' contracts entitled the Defendant, Richard H. Alexander, to an award of liquidated damages.

2. Whether the trial court erred in considering the fifty thousand dollars ($50,000.00) paid by the Plaintiff/Appellee, Donna E. Kendrick, to extend a contract as being earnest money.

3. Whether the trial court erred in assessing court costs to the Defendant/Appellant, Richard H. Alexander.

In *V.L. Nicholson Co. v. Transcon Investment & Financial Ltd.*, 595 S.W.2d 474 (Tenn.1980), the Supreme Court summarized the law in Tennessee with regard to liquidated damages as follows:

> The term "liquidated damages" means a sum stipulated and agreed upon by the parties at the time they enter their contract, to be paid to compensate for injuries should a breach occur. 22 Am.Jur. *Damages* § 212 (1965). *See Railroad v. Cabinet Co.*, 104 Tenn. 568, 58 S.W. 303 (1900). The reason for allowing parties to stipulate the amount of damages is to create certainty where damages are likely to be uncertain and not easily proven. *Railroad v. Cabinet Co., supra. The amount stipulated should be reasonable in relation to the terms of the contract and the certainty with which damages can be measured; there must exist a reasonable relationship between the amount and what might reasonably be expected in the event of a breach. Id.* If the provision is a reasonable estimate of the damages that would occur from a breach, then the provision is normally construed as an enforceable stipulation for liquidated damages. *See City of Bristol v. Bostwick*, 146 Tenn. 205, 240 S.W. 774 (1921); 22 Am.Jur. *Damages* § 227 (1965).

595 S.W.2d at 484 (emphasis added).

■ Because the sum stipulated is of primary importance in determining the reasonableness of a provision for liquidated damages, the reviewing court must correctly ascertain the amount stipulated. Apparently, the Chancellor in this case, in holding that the sums paid by Plaintiff constituted a penalty or forfeiture, was influenced by the fact that the sums paid by Plaintiff totaled $110,000.00. We agree with Defendants, however, that this was not the amount stipulated by the parties as liquidated damages.

■ Under the terms of the parties' second addendum executed January 15, 1990, Plaintiff paid an additional $50,000.00 to Defendant Alexander in consideration of his extending the contract closing date to January 19, 1990. When read in its entirety, the addendum makes clear that this $50,000.00 was in addition to and separate from the total earnest money held on that date. At trial Plaintiff acknowledged that this $50,000.00 was not part of the original purchase price but constituted "additional monies [she] would pay over and above the $500,000.00." The addendum further made clear that of the $160,000.00 earnest money being held, $100,000.00 would be refunded directly to Julie Sexton and $60,000.00 would be forfeited as liquidated damages if the transaction did not close by January 19, 1990. The addendum emphasized that in no event would any monies be refunded to Plaintiff. Therefore, while it is true that Plaintiff expended a total sum of $110,000.00, $50,000.00 of this amount constituted a separate consideration for Dr. Alexander to extend the contract closing date to January 19, 1990. Only $60,000.00 represented liquidated damages.

■ Viewing the provision in this light, we conclude that the amount stipulated as liquidated damages, $60,000.00, is reasonable in relation to the terms of the parties' contract. The initial contract required a down payment of $10,000.00 which would be forfeited in the event that Plaintiff defaulted. In order to extend the parties' closing date, the December 29 addendum required Plaintiff to pay an additional $20,000.00 earnest money and, accordingly, raised the stipulated amount of liquidated damages to $30,000.00. The January 15 addendum, which extended the closing date to January 19, again raised the amount of liquidated damages to $60,000.00. Obvi-

ously, the parties' renegotiation of the liquidated damages provision comprised part of the consideration for Defendants' extensions of the closing date. *See Testerman v. Home Beneficial Life Insurance Co.,* 524 S.W.2d 664 (Tenn.App.1974).

Plaintiff cites the case of *Harmon v. Eggers,* 699 S.W.2d 159 (Tenn.App.1985), as controlling, but we find the facts in that case to be clearly distinguishable from the case at bar. In *Harmon v. Eggers,* the parties entered into a contract for the purchase of a house and lot in Blount County, for a price of $63,000.00. The purchasers provided a down payment, in the form of cash and certain other real property, totalling $32,000.00. As a means of financing the remainder of the purchase price, the parties executed a contract for deed. The contract, which provided for the remaining $31,000.00 to be paid in 72 monthly installments of $379.85, also provided that

> Failure of the Purchasers to make any monthly installment when due will be a breach of this contract for which the Sellers may re-enter and take possession of the premises described herein without any notice whatsoever from the Sellers to the Purchasers, and all monies paid by the Purchasers to the Sellers shall be retained by the Sellers as liquidated damages for the breach of this contract and as rent for the premises.

699 S.W.2d at 160. After paying only four of the monthly installments, the purchasers defaulted. Noting that the purchasers' total payments at the time of default exceeded fifty percent (50%) of the purchase price, the court refused to give effect to the liquidated damages clause in the contract, finding same to be "nothing more than or less than a forfeiture/penalty." *Id.* at 164.

 In the present case the amount of liquidated damages equals only twelve percent (12%) of the purchase price. Plaintiff agreed to this amount as partial consideration for Defendant Alexander's second extension of the closing date. Under the circumstances of this case, we find the fee to be reasonable in relation to the terms of the contract, which includes the terms of the two addendums. The fact that Defendant Alexander ultimately sold the property for $550,000.00 is not determinative, as the reasonableness of a provision for liquidated damages is to be determined prospectively, i.e. at the time the parties contracted, and not retrospectively by this Court. *See Covington v. Robinson,* 723 S.W.2d 643, 647 (Tenn.App.1986) (applying Arkansas law but noting that Tennessee law (*see V.L. Nicholson Co., supra*) would not mandate different result).

 Generally, parties may contract as they wish as long as the contract does not violate public policy. *Wilson v. Tennessee Farmers Mutual Insurance Co.,* 219 Tenn. 560, 411 S.W.2d 699 (1966); *Third National Bank v. Olive,* 198 Tenn. 687, 281 S.W.2d 675 (1955). Absent evidence of oppression or overreaching, we conclude that the provision for liquidated damages should be sustained in this case. *See Testerman,* 524 S.W.2d at 669. *See also Bokor v. Holder,* 722 S.W.2d 676 (Tenn.App.1986) (upholding forfeiture provision in absence of fraud or overreaching where knowledgeable purchaser freely executed clear and unambiguous contract containing such provision).

The judgment of the trial court is reversed, the complaint is dismissed, and this cause is remanded for further proceedings consistent with this opinion. Costs of this appeal and costs in the trial court are taxed to appellee, for which execution may issue if necessary.

CRAWFORD and McMURRAY, JJ., concur.